443 So.2d 313 (1983)
Rosa E. VAZQUEZ, Appellant,
v.
Manuel D. VAZQUEZ, Appellee.
No. 83-1104.
District Court of Appeal of Florida, Fourth District.
December 28, 1983.
Rehearing Denied February 3, 1984.
*314 Eduardo Neville Colon, Fort Lauderdale, for appellant.
H.T. Maloney of Patterson & Maloney, Fort Lauderdale, for appellee.
DOWNEY, Judge.
From the child custody provisions of a final judgment dissolving a marriage the wife has perfected this appeal.
Custody of the parties' three minor children was awarded to the wife but the husband was given very liberal visitation rights, including periods away from the wife's home, vacation, and holidays. Specifically the final judgment provided:
"The Court finds that, because the children have commenced their Catholic education, it would be in their best interest, at this moment, for them to continue the same and not disrupt their lives. The Court also feels that it would be in the best interest of the youngest child, MILCA, to be enrolled in the Catholic school when she commences first grade next year, in order to be enrolled in the same school with her two older sisters. The Wife indicated that she had no objection to the children receiving first communion and confirmation."
The wife seeks reversal of the foregoing provisions because she prefers to place the children in a Baptist school. The record is clear the parties cannot agree on the schooling and religious training of the children.
The wife contends the trial court erred when it imposed specific educational religious decisions upon the wife as custodial parent. She points to cases such as Connelly v. Connelly, 409 So.2d 175 (Fla.App. 1982), and Bennett v. Bennett, 73 So.2d 274 (Fla. 1954), which held that decisions of that nature are for the parent to whom custody of the children has been awarded. The husband counters this contention by citing the new 1982 legislative act providing for "shared parental responsibility." Section 61.13(2)(b)2 a, Florida Statutes (Supp. 1982). The husband argues that the parties could not agree on these facets of custodial care and the trial judge followed the desires of the husband in this respect, which is specifically provided for in the statute.
Had this decision predated the shared parental responsibility act, Connelly and Bennett, supra, would clearly require reversal. However, we believe the husband is correct in that the legislature has directed the courts to require shared parental responsibility in all cases unless it would be detrimental to the child. The legislature pronounced that:
It is the public policy of this state to assure each minor child frequent and continuing contact with both parents after the parents have separated or dissolved their marriage and to encourage parents to share the rights and responsibilities of childrearing. 61.13(2)(b)1, Florida Statutes (Supp. 1982).
The subject is further refined in subsection 2, wherein the law makers directed:
In ordering shared parental responsibility, the court may consider the expressed desires of the parents and may grant to one party the ultimate responsibility over specific aspects of the child's welfare or may divide those aspects between the parties based on the best interests of the child. 61.13(2)(b)2 a, Florida Statutes (Supp. 1982).
Under the circumstances of this case and in view of the policy and directions announced in the shared parental responsibility act we hold the trial judge properly exercised her discretion.
Accordingly, the judgment appealed from is affirmed.
ANSTEAD, C.J., and DELL, J., concur.