599 So.2d 680 (1992)
Doram TAMARI, Appellant,
v.
Molly TURKO-TAMARI, Appellee.
No. 91-2138.
District Court of Appeal of Florida, Third District.
May 5, 1992.
Young, Franklin & Berman, and Barry S. Franklin, North Miami Beach, for appellant.
Buckner & Shifrin, and Deanna S. Shifrin, Miami, for appellee.
Before HUBBART, FERGUSON and JORGENSON, JJ.
PER CURIAM.
This is an appeal by the husband Doram Tamari from a final order modifying a final judgment of marriage dissolution so as to permit the wife Molly Turko-Tamari to move, with the parties' seven-year-old son, from Miami to Israel. The order under review reads, in part, as follows:
"The parties have one minor child, Albert Tamari, born October 14, 1984. The parties have shared parental responsibility and the former wife is the primary residential parent. The former wife resides with the child in Dade County, Florida. The former husband resides in New York.
... .
The former wife's family has relocated to Israel. The former husband's family resides in Israel. The mother testified she was amenable to a visitation plan which would give the former husband an equal amount of time with his son that he presently enjoys. She presented a reasonable plan and agreed to pay the difference between the cost of air travel between Miami and New York and Israel and New York.
The Court finds as follows:
1. The move would likely improve the general quality of life for both the child and the mother.
2. That the former wife's motive to relocate is sincere, and is not for the intent of defeating visitation.

*681 3. That the former wife will be likely to comply with substitute visitation arrangements.
4. That the substitute visitation will be adequate to foster a continuing meaningful relationship between the child and his father.
5. The cost of transportation is financially affordable by the former wife (see Matilla vs. Matilla, 474 So.2d 306 (Fla. 3rd DCA 1985).
... .
Accordingly, the former wife's petition to permit relocation in Israel is granted. The former wife is ORDERED to comply with the visitation schedule submitted, to wit:
December 4, 1991, to December 8, 1991; April 11, 1992, to April 21, 1992; and June 28, 1992 to August 18, 1992.
The Court further finds it to be in the child's best interest to have the former wife make the education decisions which affect the minor child."
R. 1-3.
We affirm the order under review insofar as it authorizes the move to Israel based on a holding that (1) the court applied the correct law to this case, Hill v. Hill, 548 So.2d 705, 706 (Fla. 3d DCA 1989), rev. denied, 560 So.2d 233 (Fla. 1990), and (2) there is substantial competent evidence to support the court's factual findings. Moreover, assuming, without deciding, that an additional showing of a change of circumstances was required in this case in view of the provision in the final judgment that neither party could take the minor child out of the country without the written consent of the parties or a court order, see Id. at 707-08 and 708 n. 3 (Schwartz, C.J., concurring), such change in circumstances was clearly shown in this case. The wife's family  her mother, her brother, along with his wife and four children, and her sister and children  have all relocated [or were in the process of relocating] to Israel since the final judgment was entered; neither the wife nor the minor child have any relatives who live in Miami. The wife therefore had an understandable desire to join her family in Israel so that she and the minor child could have the support of their loved ones. Beyond that, the husband was separated from his son prior to this move, in any event, as he lived in New York and the wife and son lived in Miami; the order under review therefore does not affect the status quo insofar as it requires a continuation of this separation. As a consequence, the child visitation rights of the husband were not, in our view, substantially affected by permitting this move. See Eisner v. Markovich, 585 So.2d 312 (Fla. 3d DCA 1991); Sherman v. Sherman, 558 So.2d 149, 151 (Fla. 3d DCA 1990); Matilla v. Matilla, 474 So.2d 306, 307 (Fla. 3d DCA 1985).
There are, however, two aspects of the order under review which must be reversed. The first is ministerial in nature and is not contested by the wife. The order inadvertently contains no child visitation provisions for the husband beyond the year 1992; accordingly, this aspect of the order must be modified on remand to provide an ongoing visitation schedule for the husband for the duration of the child's minority.
The second aspect of the order which must be reversed is the provision which gives the wife the exclusive authority to make all educational decisions which affect the minor child. The final judgment of marriage dissolution provides that the parties shall discuss and attempt to agree on all major decisions concerning the upbringing of the child, including the education of the child. We see no basis in this record for permanently modifying this aspect of the final judgment. It is true that the parties have reached an impasse as to which elementary school the child should presently attend in Israel, and that, accordingly, it was necessary for the trial court to decide, based on the best interests of the child, which party's decision on the issue should prevail. It was unnecessary, however, to turn over to the wife all future educational decisions affecting the child, especially if the wife should ever return to the United States with the child. See Martinez v. Martinez, 573 So.2d 37, 41-42 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 1309 *682 (Fla. 1991); Vazquez v. Vazquez, 443 So.2d 313 (Fla. 4th DCA 1983), rev. denied, 451 So.2d 851 (Fla. 1984).
The final order under review is affirmed, save for (1) the child visitation provisions which, upon remand, shall be modified so as to provide for a child visitation schedule for the husband during the child's minority, and (2) the provision empowering the wife to make all educational decisions for the child, which shall stand reversed with directions upon remand for the trial court to determine which elementary school the child should attend in Israel based on the best interests of the child.[1]
Affirmed in part; reversed in part and remanded.
NOTES
[1] We agree that if the parties continue to disagree in the future over educational decisions affecting the child, it may be necessary to empower one of the parties to make all such decisions during the child's minority. That point, however, has not been reached in the parties' relationship.