606 So.2d 1275 (1992)
Tsvi AINSWORTH, Mendy Felig and/or Mendel Fellig, Appellants,
v.
David SCHOEN, Appellee.
No. 92-468.
District Court of Appeal of Florida, Third District.
November 3, 1992.
Douglas H. Stein, Stewart, Damsky, Markus & Konski and Luis S. Konski, Miami, for appellants.
Cohen, Berke, Bernstein, Brodie & Kondell, P.A., and Jeanne Katz Spital, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
Ainsworth and Fellig appeal from a final summary judgment confirming an arbitration *1276 award entered in favor of Schoen. For the reasons that follow, we reverse.
A commercial transaction between the parties led to a dispute over whether payment was due for a particular shipment of goods. The parties, Orthodox Jews, agreed to arbitrate the dispute before a Bais Din,[1] consisting of a panel of three rabbis. The arbitration agreement provided that "[t]he decisions of this Arbitration will be legally binding upon us with no recourse to any other authority whatsoever." The panel found that Ainsworth and Fellig were obligated to pay Schoen $159,250. Schoen, pursuant to the arbitration agreement, petitioned the circuit court to have the award confirmed, and moved for summary judgment. Ainsworth and Fellig opposed the motion for summary judgment, arguing that the arbitration process was not complete. In support of their argument, they filed the deposition of a member of the arbitration panel, Rabbi Leib Schapiro. Rabbi Schapiro opined that the arbitration proceedings before the Bais Din could be considered incomplete because "[i]n theory it could happen" that a second, higher Bais Din  perhaps in New York or even Israel  could accept a dispute that was already ruled upon by a lower Bais Din. Rabbi Ovadia Schochet,[2] in an affidavit also filed by Ainsworth and Fellig, averred that the parties would "have an opportunity to appeal the decision to a higher Jewish court" under the terms of the arbitration agreement. On the other hand, Rabbi Yosef Yerucham Bensinger  another member of the arbitration panel  in an affidavit filed by Schoen averred that "[t]he December 27, 1990, arbitration/Beth Din ruling is final." In sum, three rabbis came to three different conclusions regarding the finality of the Bais Din's decision.
As a secular court of appellate jurisdiction, we are loathe to resolve this factual dispute over whether, according to Talmudic law, this arbitration decision is final.
The beginnings of Jewish arbitral institutions are traceable to the middle of the second century. Throughout the centuries, thereafter, in every country in which Jews have been domiciled, Jewish judicial authority has existed, via the institute of arbitration conducted by special rabbinical courts. Orthodox Jews, prompted by their religious, national feelings, accepted Jewish judicial authority by resorting to the arbitration procedure of their own free will (Elon, Principles of Jewish Law, Arbitration, p. 566). This method of arbitration has the imprimatur of our own judicial system, as a useful means of relieving the burdens of the inundated courts dealing with civil matters. Through Talmudic sages, it is learned that special rules or procedures have been provided under which the rabbinical courts function as a Din Torah (literally translated as Torah judgment), with Judaic or Torah law as its basis.
Mikel v. Scharf, 105 Misc.2d 548, 551-552, 432 N.Y.S.2d 602, 605 (N.Y. Sup. Ct. 1980), aff'd, 85 A.D.2d 604, 444 N.Y.S.2d 690 (1981).
We are not Talmudic sages and are not familiar with the special rules that govern these arbitration proceedings. The parties agreed to be bound by Jewish law; the finality of the arbitration award must, therefore, be determined according to that law before a court of this State can enforce the award. "Once the parties agreed to submit to arbitration, the code [the Florida Arbitration Code, sections 682.01-682.22, Florida Statutes (1989)] limits the authority of the court to interfere in the process prematurely." Air Conditioning Equip., Inc. v. Rogers, 551 So.2d 554 (Fla. 4th DCA 1989). In light of the conflicting testimony regarding the finality of the Bais Din's decision, we conclude that summary judgment was inappropriate and, therefore, reverse the order confirming the arbitration *1277 award and remand for further proceedings. We do not invite the trial court to enmesh itself in the intricacies of Talmudic law but only to determine, after weighing the conflicting testimony, whether the award is final and thus subject to confirmation.
Reversed and remanded for further proceedings.
BASKIN, J., concurs.
SCHWARTZ, Chief Judge (dissenting).
I respectfully dissent. In my view, the sole issue is one of contract interpretation. The parties did not, as the majority states, agree "to be bound by Jewish law." They agreed to an arbitration of three Rabbis whose ruling "will be legally binding upon us with no recourse to any other authority whatsoever." That decision therefore concluded the controversy, regardless of what either the participants or learned others later thought about its correctness or finality.[1] I would therefore affirm.
NOTES
[1] The terms "Bais Din" and "Beth Din" appear to be used interchangeably and refer to "a religious tribunal that adjudicates disputes according to Jewish law and custom." Meisels v. Uhr, 79 N.Y.2d 526, 593 N.E.2d 1359, 583 N.Y.S.2d 951 (1992).
[2] Rabbi Schochet was not a member of the Bais Din.
[1] The circumstances show the accuracy of the expression: "ten Jews, eleven opinions."