613 So.2d 528 (1993)
Marcella GUTIERREZ, Appellant,
v.
Osvaldo MEDINA, Appellee.
No. 92-1755.
District Court of Appeal of Florida, Third District.
January 26, 1993.
Rehearing Denied March 9, 1993.
*529 Ronald I. Strauss and Charmain Williams, Miami, for appellant.
De Oliveira & Associates, and Cristina De Oliveira, Coral Gables, for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
BASKIN, Judge.
Marcella Gutierrez appeals an order granting Osvaldo Medina's petition for modification of the custody of the parties' five-year old son. We reverse.
The March 1991 final judgment dissolving the parties' marriage incorporated a property settlement agreement which provided that the mother would have primary residential custody of their son who was then four years old. The agreement did not address the child's school attendance. In April 1992, the father filed a petition for modification of custody. The trial court referred the matter to a general master. The testimony before the master reflects continuing disagreements concerning visitation, child support and the child's preschool attendance. At the time of the hearing, the child was not attending a preschool program.[1] In addition, a psychologist testified concerning his evaluation of the child as a result of tests conducted in April and May 1992.[2] He offered no testimony as to the child's academic ability at the time of the dissolution. His evaluation provided that the child was "of low average intellectual abilities." That conclusion was qualified by the caveat that "[h]is scores ... may have been depressed as a result of underlying anxiety, unfamiliarity with testing situations or lack of ability to maintain himself task oriented for a prolonged period of time." The psychologist recommended parental counseling, enrollment of the child in a structured academic environment, tutoring and more peer contact.
At the conclusion of the hearing, the master recommended that custody be transferred to the father and that the father enroll the child in school. The master based his recommendation primarily on a finding that the child is intellectually underdeveloped and that "[t]here is ... a lack of attention by the Mother to the needs of the child [and] [i]t is not in the best interest of the child to continue in the same environment where he will not receive the intellectual assistance he needs."[3] The trial court entered an order adopting the master's recommendations and granting the father custody.
The trial court's order constitutes an abuse of discretion and must be reversed. "The findings of fact and recommendations of a master should be approved and adopted by a trial judge unless clearly erroneous, or it appears that the master has misconceived the legal effect of the evidence." *530 Barrow v. Barrow, 563 So.2d 219, 219 (Fla. 3d DCA 1990) (quoting Bloom v. Bloom, 414 So.2d 1153, 1155 (Fla. 3d DCA 1982)). Here, the record reflects that the general master misconceived the legal effect of the evidence.
"It was the father's extraordinary burden to prove, on his petition for a change of custody, not only that a substantial and material change in circumstances has occurred since the marriage dissolution, but also that the welfare of the child would be promoted by the change in custody." Sherman v. Sherman, 558 So.2d 149, 151 (Fla. 3d DCA 1990). The record is devoid of competent substantial evidence that a substantial or material change in circumstances has occurred since the dissolution. There is no evidence to support the master's finding that the mother neglected the child's needs. Instead, there is evidence of the parents' continuing disagreement concerning the child's education and their inability to resolve issues concerning the location, cost, or type of preschool the child should attend. In his report the psychologist stated that "[i]t is apparent that the intrafamilial conflicts between his biological parents are causing an emotional adjustment problem which is affecting the well-being of the youngster." (e.s.). The father testified that he wished the child to attend a school near his residence; the mother wanted the child to attend a religious school or a school near her place of employment. Uncontradicted testimony established that the father terminated any further discussions on the issue following the parties' repeated arguments. As a result of these conflicts, the child was not enrolled in a preschool program.
In order to resolve the conflicts, it was unnecessary for the general master to recommend a change in custody. Where the parents are unable to decide which school the child should attend, the trial court may determine, based on the best interests of the child, which parent's decision should prevail. Tamari v. Turko-Tamari, 599 So.2d 680, 681 (Fla. 3d DCA 1992). Under appropriate circumstances, the trial court may grant one parent ultimate responsibility for making educational decisions. § 61.13(2)(b)2.a, Fla. Stat. (1991); Tamari, 599 So.2d at 682 n. 1; Martinez v. Martinez, 573 So.2d 37 (Fla. 1st DCA 1990), review denied, 581 So.2d 1309 (Fla. 1991); Peaden v. Slatcoff, 522 So.2d 959 (Fla. 1st DCA 1988); Vazquez v. Vazquez, 443 So.2d 313 (Fla. 4th DCA 1983), review denied, 451 So.2d 851 (Fla. 1984). Under the facts of this case, the parents' minor disagreements concerning the child's preschool education do not justify the severe remedy of transferring primary residential custody from the mother to the father. See Dobbins v. Dobbins, 584 So.2d 1113 (Fla. 1st DCA 1991), review denied, 598 So.2d 75 (Fla. 1992); Peaden, 522 So.2d at 959; Zediker v. Zediker, 444 So.2d 1034 (Fla. 1st DCA 1984). Accordingly, we reverse and remand for entry of an order transferring custody to the mother and for further proceedings consistent with this opinion.
Reversed and remanded.
NOTES
[1] The child had attended preschool for a three month period.
[2] The psychologist made no recommendation as to which parent should have primary residential custody. The psychologist found no evidence of physical or emotional abuse.
[3] The general master also found that the five-year-old child was not enrolled in organized sports and that the child feared interaction with other children at parties.