645 So.2d 22 (1994)
Jorge CARDELLE, Appellant,
v.
Sharon CARDELLE, Appellee.
No. 92-2013.
District Court of Appeal of Florida, Third District.
October 12, 1994.
George Gelb, Elser, Greene, Hodor & Fabar, Cynthia Greene, Miami, for appellant.
Richard W. Bonehill, Miami, for appellee.
Before BASKIN, JORGENSON and GREEN, JJ.
PER CURIAM.
Appellant, the former husband, appeals from a post dissolution order denying his petition for modification of custody and termination of support obligations.
Appellant and appellee, the former wife, were divorced in 1990. Appellee was awarded primary residential custody of the parties' minor daughter. Appellant was ordered to pay both child support and rehabilitative alimony payments to appellee.
Subsequently, the appellant petitioned the court for modification of the primary residence of the child and appellee petitioned for permission to relocate to North Carolina with her new husband and the minor child. The trial court conducted an extensive evidentiary hearing and made written findings. Appellant has asserted three points as error. We deem only one to merit discussion.
The trial court denied appellant's motion for modification of custody by finding that the evidence had failed to establish that appellee was unfit to have primary residential custody of the child. Appellant asserts this as error. We agree that on a motion for change of custody, the question is not whether the custodial parent is unfit. Rather, the moving party has the burden to prove that a substantial and material change in circumstance has occurred since the dissolution and that the welfare of the child would be promoted *23 by the change in custody. Gutierrez v. Medina, 613 So.2d 528 (Fla. 3d DCA 1993).
Although the trial court applied the wrong standard, we must nevertheless affirm the trial court's ruling. Based upon the record before us, it is clear that the petitioner did not meet his burden of proof to justify a change in custody. Where a trial court reaches the correct decision even if for the wrong reason, the decision will be affirmed. Walton v. Walton, 290 So.2d 110 (Fla. 3rd DCA 1974).
Affirmed.