652 So.2d 456 (1995)
Vicki MESA, Appellant,
v.
Steve MESA, Appellee.
No. 94-1180.
District Court of Appeal of Florida, Fourth District.
March 22, 1995.
*457 Deborah Marks, North Miami, for appellant.
Albert D. Diamond, Miami, for appellee.
KLEIN, Judge.
Appellant argues that the trial court erred in not awarding her primary residence of the children, in not awarding her permanent alimony, and in prohibiting her from exposing the children to her church's religious practices. We agree that she is entitled to permanent alimony and that the religious restriction is improper.
This was a fourteen year marriage, and the parties, who are in their thirties, had three children. The trial court awarded primary residence of the children to the husband, and in addition, placed the following restriction on the wife:
Due to the significant conflict and the religious belief and practices of the parties, until further order of this Court, the children shall not attend the mother's religious services, nor shall she in any way endeavor to educate her children into her religious practice or that of the church to which she attends directly or indirectly.
The issue of whether a court can restrain a noncustodial parent from exposing a child to his or her religious beliefs and practices is one of first impression in Florida. The courts confronted with this issue have consistently overturned such a restriction, except where there is "a clear, affirmative showing that these religious activities will be harmful to the child." In re Marriage of Murga, 103 Cal. App.3d 498, 505, 163 Cal. Rptr. 79, 82 (1980), and authorities cited therein. Allowing a court to choose one parent's religious beliefs and practices over another's, in the absence of a clear showing of harm to the child, would violate the first amendment. See Munoz v. Munoz, 79 Wash.2d 810, 489 P.2d 1133 (1971); Brown v. Szakal, 212 N.J. Super. 136, 514 A.2d 81 (1986).
Although it would not be unexpected for this type of conflict to arise where there are significant differences in the parents' religious beliefs,[1] in the present case the teachings of the parents' churches were essentially the same, the primary difference being that the wife's church was charismatic. Although that type of religious practice made the father "uncomfortable," he presented no evidence that exposing the children to it was doing them any harm.
Although the wife in the present case also argues that she should have been awarded primary residence, her argument that the trial court violated her right of freedom of religion is limited to the propriety of the restriction on her as a noncustodial parent, and does not go to the primary residence award itself, which we find supported by the evidence. The question of whether a trial court can consider a parent's religious beliefs as a factor in determining primary residence, which was answered in the affirmative in Rogers v. Rogers, 490 So.2d 1017 (Fla. 1st DCA 1986), is thus not before us.
The trial court awarded the wife lump sum alimony payable $300 a month for five years. We agree with the wife that she is entitled to permanent alimony, because even when she converts her part time work as a bank teller to full time, she will still make less than a third of what the husband earns as a police officer. In addition, the husband has better future earning prospects, better benefits, and a pension. Because of this disparity, the trial court abused its discretion in failing to award permanent alimony. Steinberg v. Steinberg, 614 So.2d 1127 (Fla. 4th DCA 1993).
Although the wife is not happy with the amount of $300 a month, she and her counsel are to be commended for their candor in admitting that the monthly amount is not outside the reasonable range of discretion. We too often see a shotgun approach being *458 used, rather than selectivity, in raising appellate issues. This dilutes the effectiveness of the arguments on which the appellate court should focus. Because the appellant has the burden of persuading the appellate court that there should be a reversal, and because the vast majority of appeals are affirmed, the more attention the appellant gets from the court on a particular issue, the greater the chances for reversal on that issue. As the number of issues increase, the amount of time the court can devote to each issue decreases, or to put it more bluntly, when too many issues are raised an important one can get lost in the shuffle.
We vacate the restriction which prevented the wife from exposing the children to her religion, and remand to the trial court for an award of permanent alimony.
POLEN, J., concurs.
STONE, J., concurring in part and dissenting in part.
STONE, Judge, concurring in part and dissenting in part.
I concur in the opinion other than that portion directing the trial court to award permanent alimony. Although there is no justification here for the award of "lump sum" alimony, I cannot say that the trial court abused its discretion by failing to award permanent alimony. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). The facts of this case are not as compelling for the award of permanent alimony as those in Steinberg v. Steinberg, 614 So.2d 1127 (Fla. 4th DCA), rev. denied, 626 So.2d 208 (Fla. 1993). In my judgment, the record would support an award of rehabilitative alimony. I would therefore direct the court, on remand, to amend the judgment to provide for rehabilitative alimony in the amount of the previously awarded lump sum installment payments.
NOTES
[1] In Mendez v. Mendez, 527 So.2d 820 (Fla. 3d DCA 1987), the mother, a Jehovah's Witness, appealed a custody award to the father, a Catholic, arguing that it was based solely on her religious beliefs. The Third District affirmed; however, the dissent to the panel opinion and the dissents to the refusal of the court to hear the case en banc cited the same authorities on which we rely.