915 So.2d 1277 (2005)
David HANCOCK, Appellant,
v.
Colleen HANCOCK, Appellee.
No. 4D05-01.
District Court of Appeal of Florida, Fourth District.
December 21, 2005.
Ira C. Hatch, Jr., of Hatch & Doty, P.A., Vero Bech, for appellant.
Jonathan Jay Kirschner of Kirschner & Garland, P.A., Fort Pierce, for appellee.
MAY, J.
The former husband appeals a final judgment of dissolution. He raises three issues. We affirm, but remand the case to the trial court to decide which of the parents will be responsible for making educational decisions concerning the minor child, pursuant to section 61.13(2)(b)2.a, Florida Statutes (2004).
In the original petition for dissolution of marriage, the former husband requested the court to award shared parental responsibility. In his amended petition, the former husband requested the court "to require the Wife to enroll the minor child in a private [or] public school." In his second amended petition, the former husband expressed his concern over the former wife's *1278 home-schooling of the child. However, he did not request the court to designate which parent is responsible for making decisions concerning the child's education.
In her original counter-petition, the former wife sought shared parental responsibility and to be designated the primary residential parent. In her amended counter-petition, she specifically requested the "court find that it is in the best interests of the child that the Wife be given sole responsibility regarding the child's educational needs."
During the trial, evidence revealed the former wife had home schooled her son through the eighth grade. An expert witness called by the former husband opined that the son had not completed the eighth grade and that he would benefit from a more traditional school environment.
In the final judgment of dissolution, the court ordered joint parental responsibility, but failed to address the child's educational needs. The former husband filed a motion for rehearing in which he again requested the court to address the child's educational needs, specifically whether the former wife would be permitted to continue home schooling. In its order denying the motion for a new trial, the trial court indicated that it had ordered shared parental responsibility, which required the parents to work together on the issue of the child's education.
We find no abuse of discretion in the trial court's decision to decline to order a specific school for the child as the court did not believe it had sufficient information with which to make a decision. However, the former husband and wife do not agree on whether home schooling is in the best interests of their son.
Even when granting shared parental responsibility, the trial court may grant one parent the ultimate responsibility over specific aspects of the child's welfare, such as education, when it is in the best interest of the child. See § 61.13(2)(b)2.a, Fla. Stat. (2004).
One thing is clear, the parties do not agree regarding the child's education. The couple had mutually agreed the former wife would stay at home and home-school the child during his early education. The former husband requested the court to address the home-schooling issue, and the former wife requested the court to determine who would be responsible for decisions relating to the child's education. While not specifically requesting sole responsibility for the child's education, the former husband presented expert testimony concerning the best education for the child. Given these circumstances, we remand the case for the trial court to designate which parent should be given the responsibility for decisions concerning the child's education as part of the order of shared parental responsibility.
Affirmed and Remanded.
STEVENSON, C.J., and WARNER, J., concur.