966 So.2d 455 (2007)
James WATT, Appellant,
v.
Lisa WATT, Appellee.
Nos. 4D06-720, 4D06-2352.
District Court of Appeal of Florida, Fourth District.
October 3, 2007.
Rehearing Denied November 9, 2007.
*456 Charles Wender, Boca Raton, for appellant.
David Leacock and Howard Rudolph of Rudolph & Leacock, LLP, West Palm Beach, for appellee.
WARNER, J.
The father appeals an order modifying the shared parental responsibility obligations in the parties' marital settlement agreement incorporated in the final judgment of dissolution of marriage. Where the parties had shared parental responsibility for the children's education, the court modified that provision and gave the mother the ultimate responsibility to make decisions regarding the children's education. We affirm the trial court's order.
The parties agreed to shared parental responsibility for their children, including decisions regarding education. As part of child support, the father agreed to pay for private schooling for the children at a "mutually agreeable private school." Both of the children attended middle school at Pine Crest School in Boca Raton. When their son sought to attend Pine Crest's high school, the father objected and suggested other schools. Eventually, the parties came to an impasse on the issue. The mother first sought enforcement of the support provision, but the trial court denied enforcement because of the shared parental responsibility and "mutual agreement" provisions of the settlement agreement. The mother then moved to modify the agreement, claiming that their inability to agree on a private school constituted a substantial change in circumstances not contemplated by the parties at the time of the dissolution. Further, she claimed that it was in the best interests of the child to continue his schooling through the Pine Crest School.
After protracted proceedings and a full trial, the court found that the impasse constituted a substantial change in circumstances *457 which was unanticipated at the time of the agreement, since the agreement provided no mechanism to resolve an impasse on such a matter vital to the child. It further found that designating the mother as the final decision-maker was in the best interest of the child. The trial court had substantial, competent evidence to support these findings.
The father appeals, claiming that the parties' impasse on the school decision could not constitute a substantial change of circumstances, because an agreement requiring mutual consent should not be modified solely on the basis of a lack of mutual consent. He also maintains that he has been denied his fundamental constitutional right to parent his child. On both issues, we disagree.
Although the parties entered into a marital settlement agreement regarding the custody and care of their children, the test for determining whether to modify a final judgment based upon an agreement regarding the children is the same as that for one entered after an adversarial hearing. In Wade v. Hirschman, 903 So.2d 928, 934 (Fla.2005), a case involving the modification of rotating custody, our supreme court set forth that test:
The substantial change test articulated herein applies to the modification of a divorce decree providing for the custody and care of a child. A decree for purposes of the substantial change test includes both a decree that has incorporated a stipulated agreement concerning child custody and a decree awarding custody after an adversarial hearing. In other words, a party seeking to modify a final decree adopting an agreement to rotate custody must satisfy the identical substantial change test that applies in cases involving the modification of custody orders after an adversarial hearing on the issue of custody. In either circumstance, satisfaction of the substantial change test is necessary in order to overcome the res judicata effect of the final judgment.
(bold emphasis supplied) (citation omitted). Because the court included the care of children in its formulation, it eliminated the "heavier burden" test articulated in Pimm v. Pimm, 601 So.2d 534 (Fla.1992), which applies to modifications of alimony provisions. Generally, the court has not applied the "heavier burden" test to cases of marital settlement agreements involving issues regarding children. See Wade, 903 So.2d at 933-35; Tietig v. Boggs, 602 So.2d 1250 (Fla.1992) (child support).
The trial court properly resolved the impasse between the parties. "Shared parental responsibility" refers to a court-ordered relationship in which both parents retain full parental rights and "confer with each other so that major decisions affecting the welfare of the child will be determined jointly." § 61.046(15), Fla. Stat. In ordering shared parental responsibility, the court may grant to one party the ultimate responsibility over specific aspects of the child's welfare. § 61.13(2)(b)2.a., Fla. Stat. If the parties reach an impasse, then the dispute is presented to the court for resolution and the test to be applied is the best interests of the child. See Sotnick v. Sotnick, 650 So.2d 157, 160 (Fla. 3d DCA 1995); Hancock v. Hancock, 915 So.2d 1277 (Fla. 4th DCA 2005); see also Vazquez v. Vazquez, 443 So.2d 313 (Fla. 4th DCA 1983) (trial court properly exercised its discretion under the shared parental responsibility statute by ordering that children would attend school chosen by father).
In Hancock, the former husband and wife could not agree on whether home schooling was in the best interest of their son. Noting that it was clear that the parties "do not agree regarding the child's *458 education," this court remanded the case to the trial court to designate which parent should be given the responsibility for decisions concerning the child's education as part of the order of shared parental responsibility. Hancock, 915 So.2d at 1278.
Shared parental responsibility assumes that the parties can come to agreement on the welfare of their children. Where the parties cannot and will not come to agreement, the trial court can determine that such an impasse constitutes a substantial change in circumstance, requiring modification of the final judgment in the best interest of the children. Because competent substantial evidence supports the trial court's determinations in this case, we affirm the final judgment of modification.
The father also maintains that the court has interfered with his fundamental right to parent his child. The only interference involved is the court resolving a private dispute between divorced parents who are at loggerheads. Because this case involves the competing rights of parents to their child in a divorce situation, we deem his contention frivolous. He cites no case supporting such a right in a dispute between divorced parents.
Finally, he challenges the order awarding attorney's fees to the wife. The trial court awarded $84,788 for temporary fees in 2005, of which approximately $15,000 were provided for future services. In its order for fees after the final hearing on the modification, the court awarded an additional $100,839 for fees, which included a $30,000 award for temporary appellate fees. Although the trial court made a finding that the husband's litigiousness had caused the extreme award of temporary fees, the court did not make the same finding as to the final award. The court specifically denied making an award other than under section 61.16.
Having reviewed the entire record, including the attorney's fees hearing, it appears to us that from the hearing on the temporary fees forward, the wife's attorney's fees were excessive, both in preparation for trial and in discovery. Even the wife's attorney admitted that he usually takes twice as long to prepare for trial as the actual trial takes. Thus, in this case trial preparation would have taken around sixteen hours for a one day trial. Instead, he charged over sixty hours. In addition, many of the issues between the time of the temporary fees hearing and the trial revolved around attempts to obtain financial information after the husband had already agreed that he had the financial ability to pay an award, including the taking of a deposition of the husband's new wife that appears to have served no purpose. The wife's attorney also billed for the services of three other attorneys in his firm and then hired an outside appellate specialist to advise him, even though he also had appellate support in his own firm.
We conclude that the number of hours expended was excessive. Between the hours billed for the unnecessary deposition and the otherwise clearly excessive pre-trial preparation, we find that at least sixty hours of fees at the trial level were unnecessary. In order to prevent further litigation over fees, we direct that the trial court reduce by sixty the number of hours to the wife's attorney for trial services. We also deny any further award of appellate fees to the wife, finding that the award of temporary fees is generous.
We also affirm the remaining issues with respect attorney's fees. We conclude on a review of the record that the husband stipulated that he had a greater ability to pay attorney's fees than the wife. The husband stipulated to an "ability to pay" *459 fees, and did not contest the wife's understanding that the stipulation with respect to ability to pay encompassed the husband's greater ability to pay. Additionally, the husband's interpretation of the stipulation makes no sense in light of the purpose of the stipulation, which was to allow the husband to avoid producing financial documents. Further, the husband objected to the presentation of evidence of the wife's financial ability. He cannot be heard to complain that he was denied due process because he could not prove that the wife had an equal ability to pay her own attorney's fees when he prevented the court from hearing evidence which would support that contention.
Affirmed.
KLEIN and HAZOURI, JJ., concur.