ORFINGER, J.
Kaianna Marie Gerencser, the mother, appeals a supplemental final judgment granting David Mills, the father’s, supplemental petition to modify parental responsibility/visitation and changing custody and primary residential responsibility from her to the father. We find the trial court’s decision to be premised on competent substantial evidence and affirm the order in all respects except as discussed hereafter.
Paragraph 5 of the trial court’s order provides:
5. Continued Applicability of the Settlement Agreement. Except as it is specifically modified by this supplemental final judgment, the terms of the parties’ settlement agreement continues to apply and specifically requires them to consult and to make joint decisions for the children rather than unilateral decisions. They are encouraged to employ the services of a professional mediator, parenting coordinator, or other professional to assist them in their efforts to communicate for the good of their children. If after consulting with each other and considering the opinions of one another they are unable to reach an agreement on an issue such as where a child will be enrolled in school or daycare, where or if a child will attend church or other religious services, and what doctor a child will see, the primary residential parent will have ultimate decision-making authority on those issues.
(Emphasis added). The mother contends that giving the father final say on all matters regarding the children is inconsistent with the notion of shared parental responsibility. We agree.
Under the principle of shared parental responsibility, major decisions affecting the welfare of a child are to be made after the parents confer and reach an agreement. See § 61.046(16), Fla. Stat. (2007). In the event that the parents reach an impasse, the dispute should be presented to the court for resolution. Sotnick v. Sotnick, 650 So.2d 157, 160 (Fla. 3d DCA 1995); Tamari v. Turko-Tamari, 599 So.2d 680, 681 (Fla. 3d DCA 1992). In *24 that event, the court must resolve the impasse, applying the best interests of the child test. See § 61.13(2)00,(3), Fla. Stat. (2007).[1]
Paragraph 5 of the trial court’s ruling, as currently written, does not provide the mother with shared parental responsibility as it allows the father to make the ultimate decision on any issue on which the parents do not agree. Though such an arrangement may be necessary some day, the history of the mother’s and father’s inability to cooperate is not yet extensive enough to justify giving the father sole decision-making authority. See § 61.046(18), Fla. Stat. (2007). The trial court should continue shared parenting until there is convincing evidence that it is unworkable.[2]
AFFIRMED in part; REVERSED in part; REMANDED.
PALMER, C.J. and SAWAYA, J., concur.

. In the extreme case where shared parental responsibility proves unworkable, the court has the authority to designate one parent to make the final decision regarding a particular aspect of child rearing. See Sotnick, 650 So.2d at 160 n. 7; Tamari, 599 So.2d at 681; Martinez v. Martinez, 573 So.2d 37, 41 (Fla. 1st DCA 1990).

. The parties disagree regarding the religious upbringing of the children. The mother wishes to raise the children in the Catholic faith, which is inconsistent with the father’s beliefs, or according to the mother, his lack thereof. Without a showing of harm to the children, the court should not infringe on either parent's free exercise of his or her religious beliefs. Mesa v. Mesa, 652 So.2d 456, 457 (Fla. 4th DCA 1995). The court should not preclude either party from exposing the children to his or her religious practices absent a clear, affirmative showing that the religious activities are harmful to the children. Id.