NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL CRANNEY,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Appellant,　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　　Case No. 2D15-5240
　　　　　　　　　　　　　　　　　　)
KELLY CRANNEY,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Appellee.　　　　　　　)
　　　　　　　　　　　　　　　　　　)

Opinion filed December 14, 2016.

Appeal from the Circuit Court for
Hillsborough County; Laurel M. Lee, Judge.

Windy L. Wilkerson and Leonard J.
Connors of Connors and Wilkerson Law
Firm, P.A., Plant City, for Appellant.

Jeffrey P. Cario and Kimberly A. Scarano
of Jeffrey P. Cario, P.A., Brooksville, for
Appellee.

MORRIS, Judge.

　　　　　Michael Cranney, the father, appeals an amended bifurcated final

judgment regarding parental responsibility and timesharing.[1]  The trial court ordered that

Kelly Cranney, the mother, would have timesharing with the parties' two minor sons

_____

　　　　　[1]The order addressed other issues that have not been argued in this
appeal.

75% of the time while the father would have timesharing with the children 25% of the time. The trial court also ordered that while the father and the mother would share parental responsibility, the mother would have the ultimate decision-making authority. We affirm the issue of timesharing, but we reverse the trial court's decision to award ultimate decision-making authority to the mother.[2]

In the order on appeal, the trial court detailed all of the factors listed in section 61.13(3), Florida Statutes (2015), that pertain to the best interests of the children. In relation to some of those factors, the trial court found that: (1) the mother had been fulfilling most of the parental responsibilities since the birth of the children; (2) the minor children had lived most of their lives with the mother and had settled into a new community with her; (3) the father and the mother lived a substantial distance apart thereby making a 50/50 timesharing schedule detrimental to the best interests of the children; (4) the father had "not yet performed parenting tasks proportional to his time sharing"; and (5) while the mother had affirmatively demonstrated her capacity and disposition to be involved in the children's school and extracurricular activities, the father had failed to do so on a routine basis. There is no transcript of the proceedings below.

The father first argues that the trial court abused its discretion in restricting the father to only 25% of the timesharing with the children. He contends that the trial court gave too much weight to the father's inappropriate communications with the mother where the trial court made no findings that the children were affected by or even

---

[2]The father also argued on appeal that the trial court erred by denying the father's request to call the mother's attorney as a witness. We reject that argument without further comment.

aware of the communications.[3]  However, because we do not have a transcript of the proceedings below, we cannot resolve the underlying factual issues in order to determine whether the trial court's judgment on the issue of timesharing is without evidentiary support.  See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979).  Thus we must affirm on this issue unless the father can demonstrate "that the error complained of has resulted in a miscarriage of justice."  Esaw v. Esaw, 965 So. 2d 1261, 1265 (Fla. 2d DCA 2007) (quoting § 59.041, Fla. Stat. (2004)).  In the absence of a transcript, we will only reverse where the error appears on the face of the judgment.  See Hoirup v. Hoirup, 862 So. 2d 780, 782 (Fla. 2d DCA 2003); Monacelli v. Gonzalez, 883 So. 2d 361, 362 (Fla. 4th DCA 2004).  The father has made no such showing in this case.  Consequently, we must affirm on this issue.

However, we agree with the father that the trial court abused its discretion when it awarded the mother ultimate decision-making authority despite the fact that both parties were awarded shared parental responsibility.  "Under the principle of shared parental responsibility, major decisions affecting the welfare of a child are to be made after [both] parents confer and reach an agreement."  Gerencser v. Mills, 4 So. 3d 22, 23 (Fla. 5th DCA 2009).  By awarding the mother ultimate decision-making authority on issues affecting the children, the trial court essentially nullified the award of shared parental responsibility.  See id.

---

[3]The trial court found that during the dissolution proceedings the father was "openly hostile . . . towards the mother" and that his communications with the mother were vulgar, threatening, and disparaging and were "wholly detrimental to the best interests of the children."  The trial court stated it gave "substantial weight to the Father's inappropriate and hateful communications with the Mother."

We acknowledge that the trial court made a finding that the father "demonstrated less ability to cooperate" when changes were required in the timesharing schedule. Yet there is nothing in the limited record before us that reflects an extensive inability to cooperate on issues involving the welfare of the children so as to justify an award of sole decision-making authority. Cf. Gerencser, 4 So. 3d at 24 (noting that while sole decision-making authority arrangement may be necessary at some time in the future, "the history of the mother's and father's inability to cooperate [wa]s not yet extensive enough to justify giving the father sole decision-making authority"). Although the trial court found that the father's conduct towards the mother was less than exemplary, that alone is not sufficient in light of the trial court's findings that "both parents are fully capable" of parenting the children and that it was only the parties' personal problems with each other that caused a breakdown in co-parenting the children. See Fazzaro v. Fazzaro, 110 So. 3d 49, 51-52 (Fla. 2d DCA 2013) (rejecting argument that award of ultimate responsibility to the mother was supported by level of hostility between the parents where there was no evidence of "a continuing pattern of hostility that reasonably would lead one to conclude that the parties will be unable to effectively work together for their child's best interests"). In order to rectify the co-parenting issues, the trial court ordered the family to participate in family counseling. Thus, the trial court already provided the method of addressing any concern about the parties' ability to exercise shared parental responsibility.

Further, the trial court's order on this issue does not evince compliance with section 61.13(2)(c)(2), Florida Statutes (2015), which requires a trial court to order shared parental responsibility "unless the court finds that shared parental responsibility

- 4 -

would be detrimental to the child."[4]  We recognize that in Fazzaro, this court analyzed an order similar to the one here and explained that in awarding shared parental responsibility, "the court is not required to make specific findings other than on the ultimate fact of the child's best interests."  Fazzaro, 110 So. 3d at 51 (citing Bader v. Bader, 639 So. 2d 122, 124-25 (Fla. 2d DCA 1994) (en banc)).  However, we also explained that in determining whether a trial court has abused its discretion on that issue, we look for "logic and justification for the result."  Id. (quoting A.L.G. v. J.F.D., 85 So. 3d 527, 529 (Fla. 2d DCA 2012)).  Here, not only is there an absence of any finding of specific detriment, but there is also nothing before us revealing any logic or justification for the trial court's decision to grant the mother ultimate decision-making authority other than the father's hostility towards the mother.  But as we explained, the trial court specifically found that both parties were capable of parenting the children, and the trial court provided another mechanism to address the parties' personal issues with each other.  Thus, there is nothing that demonstrates—at this time—"that the parties will be unable to effectively work together for their [children's] best interests."  Fazzaro, 110 So. 3d at 52.  Consequently, the trial court erred by awarding ultimate decision-making authority to the mother.

Accordingly, we affirm the trial court's decision to award the father 25% of the timesharing with the children, but we reverse the trial court's award of ultimate decision-making authority to the mother.

---

[4]Cf. Bader v. Bader, 639 So. 2d 122, 124 (Fla. 2d DCA 1994) (en banc) (holding that in the context of an award of sole parental responsibility, "a trial court is only required to make a specified finding, either on the record or in the final judgment, that shared parental responsibility would be detrimental to a child").

Affirmed in part, reversed in part, and remanded for proceedings in conformance herewith.


VILLANTI, C.J., and NORTHCUTT, J., Concur.