DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RACQUEL SCHOT,**
Appellant,

v.

**KEVIN SCHOT,**
Appellee.

No. 4D18-1607

[May 29, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrea Gundersen, Judge; L.T. Case No. FMCE 15-009016 (41/63).

Jose C. Bofill of Bofill Law Group, Miami, for appellant.

Kenneth A. Gordon and Brent V. Trapana of Brinkley Morgan, Fort Lauderdale, for appellee.

LEVINE, J.

The wife appeals a supplemental final judgment modifying a parenting plan. We affirm that part of the judgment that gives the husband equal timesharing and ultimate decision-making for healthcare and education decisions. However, we reverse the other parts of the judgment that contain modifications that were neither pled nor proven.

The parties divorced in 2015. A marital settlement agreement and parenting plan were incorporated into the final judgment of dissolution. The husband moved for modification, seeking ultimate decision-making authority for healthcare and education as well as equal timesharing. As a basis for modification, the husband cited the "failure to thrive" diagnosis of the youngest child, the parties' disagreement over which school the children should attend, and the wife's behavior at timesharing exchanges.

The trial court granted the husband's petition for modification, finding competent substantial evidence of a material, unanticipated change. It placed particular emphasis on the circumstances surrounding the failure to thrive diagnosis and also relied on the issues surrounding the children's

school and timesharing exchanges. The trial court granted the husband's requests for ultimate decision-making as to healthcare and education as well as his request for equal timesharing. However, in addition to granting the requested relief, the trial court made additional modifications to the parenting plan that were neither pled nor proven.

A trial court's order modifying a parenting plan is reviewed for an abuse of discretion. *See Wade v. Hirschman*, 903 So. 2d 928, 935 (Fla. 2005). "However, it is well-settled that a trial court's authority and discretion in a modification proceeding is substantially more restricted than at the time of the original [parenting plan] determination." *Sanchez v. Hernandez*, 45 So. 3d 57, 62 (Fla. 4th DCA 2010).

"[M]odification of a parenting plan and time-sharing schedule requires a showing of a substantial, material, and unanticipated change of circumstances" and that modification is in the "best interests of the child." § 61.13(2)(c), Fla. Stat. (2018). The party seeking modification "bears an 'extraordinary burden' to satisfy the 'substantial change in circumstances' test." *Sanchez*, 45 So. 3d at 61-62. That party must "prove more than merely an acrimonious relationship and a lack of effective communication in order to show a substantial change." *Id.* at 62; *see also Bazan v. Gambone*, 924 So. 2d 952, 956 (Fla. 3d DCA 2006); *Korkmaz v. Korkmaz*, 200 So. 3d 263, 266 (Fla. 1st DCA 2016).

The wife argues that a failure to communicate and acrimonious relationship alone are insufficient to warrant modification of custody. However, the present case involves more than a mere acrimonious relationship and lack of communication. Trial testimony showed that after the dissolution of marriage, a pediatrician diagnosed the youngest child, then six months old, with "failure to thrive" due to a failure to gain weight. The husband did not learn about the diagnosis until nearly three weeks later. Significantly, the wife did not advise the husband of the pediatrician's feeding instructions and instead told the husband not to feed the child at night.

The wife told the pediatrician that the husband did not feed the children. The wife blamed the husband for the child's failure to gain weight even though at the time of the diagnosis, the husband had exercised only three overnight visits with the child. It was undisputed that the wife took the children to doctors ninety-one times over a one-year period, including for weight checks right before and right after weekend visitations with the husband. The wife continued to bring the children in for weight checks even after the pediatrician instructed her to stop because so many weight checks were unnecessary.

The husband testified that the wife overfed the youngest child before exchanges and gave the child laxatives. When the husband picked up the children from stays with the wife, the youngest child's stomach was swollen and she would have explosive diarrhea on the car ride home. According to the husband, the explosive diarrhea stopped once he initiated modification proceedings. Notably, the trial court found that it was not a coincidence that once the husband filed his petition for modification, the youngest child stopped having explosive diarrhea and began to gain weight.

The change in circumstances due to the failure to thrive diagnosis supports modification of both timesharing and ultimate healthcare decision-making. *See Kasdorf v. Kasdorf*, 931 So. 2d 257, 258-59 (Fla. 4th DCA 2006) (finding no abuse of discretion in awarding the husband ultimate decision-making authority over the children's medical and dental decisions "due to the acrimony between the parties primarily caused by the wife and her unnecessarily taking the children to doctors for medical treatment"). Modification is further supported by the wife's behavior at the timesharing exchanges. *See generally* § 61.13(3), Fla. Stat. (2018) (identifying factors to consider in determining best interests of the child). The trial court characterized the exchanges as a "circus" and stated that this "macabre environment . . . was meant to enmesh the children and instigate the Father, and clearly was consuming and upsetting to the children."

The parties' inability to agree on which school the children should attend also supports modification of decision-making with respect to the children's education. *See Watt v. Watt*, 966 So. 2d 455, 458 (Fla. 4th DCA 2007). Before the marital settlement agreement and final judgment, the following occurred: the wife unilaterally enrolled the oldest child at an unlicensed school over the husband's objection, and the child later broke her arm at the school. After the marital settlement agreement and during the pendency of the modification proceedings, the husband filed several motions regarding the children's schooling. As a result of the motions, the trial court ordered the parties to enroll the children at a particular school. The wife called the school and made it clear she had no interest in enrolling the children there. Based on the wife's behavior, the school determined that it would not be a "good fit." Subsequently, the husband had to file another motion, which resulted in another order specifying which school the children would attend because of the parties' failure to agree.

However, the modified parenting plan contained additional changes that went beyond matters related to healthcare decisions, education

decisions, and timesharing. The husband's pleadings did not request these changes, nor did the husband present evidence on these issues. The United States and Florida Constitutions guarantee the right to due process. U.S. Const. Amend. 14; Art. I, § 9, Fla. Const. A trial court violates due process and reversibly errs when it awards relief not sought by the pleadings. *McDonald v. McDonald*, 732 So. 2d 505, 506 (Fla. 4th DCA 1999); *see also Wallace v. Wallace*, 605 So. 2d 504, 505 (Fla. 4th DCA 1992) ("Because the wife's motion did not request the relief awarded, and the wife submitted no evidence on this issue, it was error to award such relief.").

As such, we reverse the modifications, deletions, and additions to the parenting plan that were neither pled nor proven at trial. We affirm the modifications as to healthcare decisions, education decisions, and timesharing.

*Affirmed in part, reversed in part, and remanded.*

TAYLOR, J., and ROWE, CYMONIE, Associate Judge, concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4