DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LUZ ZARITZA CEBALLOS,**
Appellant,

v.

**FREDERICO BARRETO,**
Appellee.

No. 4D22-104

[April 13, 2022]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 50-2018DR005148-XXXX-MB.

Marisol Cruz of Cruz Legal, P.A., Miami, and Yvette Reyes of Reyes Miller, P.L., Boca Raton, for appellant.

No brief filed for appellee.

PER CURIAM.

Appellant, the mother, appeals a post-dissolution order, arguing in part that the trial court denied her due process when granting appellee, the father, relief by modifying the time-sharing terms of the parties' parenting plan without sufficient notice, pleading, or evidence. We agree and reverse that portion of the order. *Schot v. Schot*, 273 So. 3d 48, 51 (Fla. 4th DCA 2019) ("A trial court violates due process and reversibly errs when it awards relief not sought by the pleadings."). However, we affirm on all other points.

The parties' 2018 divorce judgment incorporated a parenting plan to address time-sharing with their two-year-old daughter in which they agreed to a weekly rotating schedule with a weekend exchange. The mother lived in Doral, Florida, at the time, and the father lived in the Palm Beach Gardens marital home. The plan provided that when the child begins to attend school, the parties "shall attempt to agree on the school at least 6 months prior to registration." If they were unable to agree, then "in no event will the location of any school she attends be more than 50 (fifty) miles from the former marital residence . . . Palm Beach Gardens, FL

33410."

The mother filed a motion to enforce the above provision and to hold the father in contempt, alleging that he unilaterally enrolled the child at a specific school near the former marital residence. The father filed a motion to approve the child's enrollment in that school as compliant with the plan's terms. Neither motion sought to modify time-sharing.

After the motions were scheduled for hearing, the father filed a petition to modify the final judgment and the time-sharing terms to address educational issues. Although the father's petition to modify time-sharing was pending when the parties appeared before the trial court to address the two scheduled motions, all understood that "modification" was not the purpose of that hearing. As stated, the father did not request that relief within his motion to approve the specific school and the parties did not present evidence on modifying time-sharing.

During the evidentiary hearing on the scheduled motions for contempt and to approve the school, the trial court heard evidence that the mother lived about eighty miles from the marital home, the child was excessively absent from school during the mother's time-sharing, and the child was failing kindergarten.

After approving the father's selected school and denying the mother's motion for contempt, the trial court order reached the issue of time-sharing, stating: "Unless otherwise agreed," the child shall reside with the father in Palm Beach Gardens during the school week with the parties agreeing on temporary weekend time-sharing for the mother, pending the remainder of the school year or resolution of the father's modification petition.

We reverse the portion of the order that modified the mother's time-sharing because it exceeded the scope of the hearing, thereby denying the mother due process. *See Hernandez v. Hernandez*, 47 Fla. L. Weekly D601 (Fla. 4th DCA Mar. 9, 2022) ("Granting unrequested relief absent proper notice is a violation of due process.") (quoting *Romero v. Brabham*, 300 So. 3d 665, 668 (Fla. 4th DCA 2020)); *Schot*, 273 So. 3d at 50-51 (reversing modifications, deletions, and additions to parties' time-sharing arrangement "that were neither pled nor proven").

We recognize that there are emergency situations that permit the trial court to temporarily modify time-sharing in post-dissolution cases pending modification hearings, but this was not argued below or on appeal, nor most importantly, noticed for the hearing. *Echezarreta v. Echezaretta*, 944

2

So. 2d 1169, 1170 (Fla. 3d DCA 2006); *Bini v. Bini*, 828 So. 2d 470, 472-73 (Fla. 5th DCA 2002).

Consequently, we reverse that portion of the order that reached the time-sharing issue and thus exceeded the scope of the hearing. We remand for the trial court to strike that provision.

*Affirmed in part, reversed in part, and remanded.*

WARNER, GROSS and LEVINE, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***

3