KELLY, Judge.
The former wife, Khenh Ye Vong, appeals from the final judgment which dissolves the parties’ marriage, determines issues of child custody and support, and divides the parties’ assets and liabilities. She raises several arguments; we find merit only in her argument that the trial court erred in awarding retroactive child support to the former husband, Gerald Chassang.
After the filing of the petition for dissolution of marriage on February 9, 2006, the former husband and the former wife continued to live together in the marital home with their child. They did so until the final hearing on February 2, 2007. During that time the former husband paid the majority of the parties’ living expenses, including day care costs for the child. In his petition, the former husband requested temporary and permanent child support from the former wife. At the hearing, the former husband testified as to all the expenses he had paid in the months leading up to the hearing. In the final judgment, the trial court awarded the former husband child support for the former wife’s share of the child’s expenses, retroactive to August 1, 2006. This was error.
Under section 61.30(17), Florida Statutes (2005), the former husband was not entitled to retroactive child support for the time the parties continued to reside together:
In an initial determination of child support, whether in a paternity action, dissolution of marriage action, or petition for support during the marriage, the court has discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months preceding the filing of the petition, regardless of whether that date precedes the filing of the petition.
Accordingly, we reverse the award of retroactive child support and remand with directions to recalculate the child support, if any, from the date the parties no longer resided together and to credit the former wife with amounts paid against her arrear-age to date.
Affirmed in part, reversed in part, and remanded.
FULMER and WALLACE, JJ., Concur.