COHEN, J.
Lissette C. Schwieterman appeals certain findings and rulings the trial court made in a final judgment of dissolution. We affirm in part and reverse in part.
The parties married in 2007 and had a child in December 2008. The final judgment’s provisions relating to the child form the bulk of the dispute. Critical to the resolution of this case is the determination of the standard of review. Former wife contends the trial court erred in the application of law and thus review is de novo. See Wade v. Hirschman, 903 So.2d 928, 932 (Fla.2005). Former husband contends the proper standard of review is an abuse of discretion. See Beharry v. Drake, 52 So.3d 790, 793 (Fla. 5th DCA 2010). In large part, the answer to that question controls the disposition of this matter.
Former wife argues the final judgment must be reversed as to the parenting plan and time-sharing schedule because the trial court presumed that the child’s time had to be split equally between the parties. She contends that the presumption used by the court violates section 61.13(3), Florida Statutes (2010), which requires the court to determine all matters relating to parenting plans and time-sharing of each minor child in accordance with “the best interests of the child.” Determination of the child’s best interests is to be made by evaluating all of the factors affecting the welfare and interests of the child and the family’s circumstances, including the factors explicitly set forth in the statute. See id. Former wife insists that, if the trial court had properly applied the factors set forth in the statute instead of a presumption that fifty-fifty time-sharing was appropriate, then the trial court would have ordered the child to live with her a majority of the time.
Former husband argues there is no evidence that the trial court applied an improper presumption that the parties should have equal time-sharing. He says the trial court considered the evidence presented at trial regarding the child’s best interests in crafting its parenting plan. Both he and former wife were granted equal time with the child, an arrangement he contends is consistent with Florida’s expressed public policy of frequent and continuing contact with both parents following a divorce, as set forth in section 61.13(2)(c)l., Florida Statutes (2010). Because there is competent substantial evidence to support the parenting plan adopted by the trial court, former husband argues the plan must be affirmed.
The parenting plan ordered by the trial court requires equal time-sharing by the parents, i.e., it calls for a fifty-fifty division of time. This is a form of “rotating custody,” the propriety of which has evolved under Florida law. See Bainbridge v. Pratt, 68 So.3d 310 (Fla. 1st DCA 2011). Prior to 1997, rotating custody was presumptively disfavored. Id. at 313. A statute enacted in 1997 allowed the court to order rotating custody if the arrangement was in the best interests of the child. See § 61.121, Fla. Stat. (1997). However, Florida courts still applied a presumption against rotating custody. See Cooper v. Gress, 854 So.2d 262, 266 (Fla. 1st DCA 2003). In 2008, the Legislature abolished the concept of custody and replaced it with parenting plans and time-sharing. Bainbridge, 68 So.3d at 313. Moreover, the Florida Legislature eliminated any presumption against rotating custody or time-sharing by amending section 61.13(2)(c)l., Florida Statutes, to now state:
It is the public policy of this state that each minor child has frequent and continuing contact with both parents after the parents separate or the marriage of the parties is dissolved and to encourage parents to share the rights and responsi *987 bilities, and joys, of childrearing. There is no presumption for or against the father or mother of the child or for or against any specific time-sharing schedule when creating or modifying the parenting plan of the child.
Ch. 2009-180, § 3, at 1853, Laws of Fla. (emphasis added). Thus, there is no presumption under current Florida law for or against any particular time-sharing schedule, including one calling for a fifty-fifty division of time. Instead, the sole requirement is that the time-sharing schedule must be set in accordance with “the best interests of the child.” See § 61.13(3), Fla. Stat. (2010).
Florida law requires the trial court to make the determination of the best interests of the child by evaluating at least twenty factors. See § 61.13(3), Fla. Stat. (2010). In the past, several factors set forth in section 61.13(3), Florida Statutes, were considered particularly relevant to the decision of whether to rotate time-sharing. One such factor was “[t]he geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the parenting plan.” § 61.13(3)(e), Fla. Stat.; see Bainbridge, 68 So.3d at 313. In Bainbridge, the court examined the case law for other factors and recognized that rotating time-sharing may also have been in the child’s best interest if:
(1)the child was older and mature, (2) the child was not yet in school, (3) the parents lived near each other, (4) the child preferred rotating custody, (5) the rotation would not have a disruptive ef-feet on the child, (6) the periods of time spent with each parent were reasonable, (7) the periods of custody were related to divisions in the child’s life, such as the school year, and (8) severe acrimony and ill-will existed between the child’s parents.
Id. at 313-14 (citations omitted).[1]
In this case, the trial court made several references to the need for equal time-sharing or a fifty-fifty division of time, which the court indicated was a matter of “fairness” and would best promote the parent-child relationship. However, the court did not refer to a presumption in favor of equal time-sharing. Instead, the court found in its written order that its time-sharing plan was in the “best interest of the minor child.... ” The court thus appears to have applied the correct legal principle in establishing a parenting plan and we reject former wife’s argument that the standard of review is de novo.
The trial court has broad discretion in child custody matters and its decision is reviewed for an abuse of discretion. Miller v. Miller, 842 So.2d 168, 169 (Fla. 1st DCA 2003). A trial court’s time-sharing plan must be affirmed if there is competent substantial evidence to support that decision and reasonable people could differ with respect to the trial court’s decision. Ferri v. Apple, 900 So.2d 673, 673 (Fla. 2d DCA 2005); Sinclair v. Sinclair, 804 So.2d 589, 594 (Fla. 2d DCA 2002) (stating abuse of discretion exists only where, based on evidence presented to trial court, no reasonable person would take the view adopted by trial court). There is no statu *988 tory requirement that a trial court engage in a discussion as to each of the factors, although a discussion of the relevant factors can be helpful in determining whether the trial court’s judgment is supported by competent substantial evidence. Kelly v. Colston, 32 So.3d 186, 187 (Fla. 1st DCA 2010); Adair v. Adair, 720 So.2d 316, 317 (Fla. 4th DCA 1998).
That said, this is a very close case. In the final judgment, the trial court stated: “respondent failed to present any evidence demonstrating that it was unsafe for the minor child to have equal time-sharing with the petitioner.” We can only assume that finding was not artfully drafted because there was substantial, unrebutted evidence to the contrary. The court reviewed the psychological evaluations of both parents. The psychologist found former wife, while suffering from anxiety and family stressors, to be a good and caring mom. In contrast, it was unrefuted that former husband had been committed under the Baker Act for threatening to kill both himself and the child; had exhibited violent tendencies; had been diagnosed with adjustment, depressed mood and paranoid personality disorders; had been diagnosed with severe family stressors; and had been placed on psychotropic medications. We must interpret the trial court’s finding that “respondent failed to present any evidence ...” in conjunction with other findings in the final judgment, namely, that subsequent to former husband’s initial psychotic reaction, there were no further temper outbursts like those which occurred at or around the time of the break-up of the marriage, and that former husband has been engaged in counseling. The trial court noted that the psychologist’s report dispelled any concern regarding the child’s safety while in former husband’s care.
The trial court was presented with a preschool-aged child who had been cared for by the paternal grandmother while both parents worked. There was evidence former wife had denied visitation due to concerns about former husband’s mental health. Former wife submitted a parenting plan that allowed former husband only two days supervised visitation per month, which the trial court felt was unreasonable.
No doubt other judges could very well have reached a different result, but in its totality, we cannot find a lack of competent substantial evidence to support the trial court’s determination or that the trial court abused its discretion. Her findings seem to discount former wife’s testimony and concerns and the credibility of witnesses is uniquely a function of the trial court, which is in the best position to evaluate witnesses. See, e.g., Maliski v. Maliski, 664 So.2d 341, 343 (Fla. 5th DCA 1995). Therefore, we affirm as to the time-sharing plan adopted by the trial court.
Former wife further argues that the trial court erred by including certain miscellaneous provisions in the parenting plan attached to the judgment which permitted former husband’s parents to act as referees in the event of a dispute between former husband and former wife, to determine the child’s best interests, and required them to hold all of the child’s legal documentation. The specific provisions in question state:
A. Vern Victor Schwieterman and Judy Ann Schwieterman [former husband’s parents] can make any immediate decision for the best interest of the Child, only if a mediator, the child’s primary Physician, school counselor, or family counselor is currently not available to help both parents when they cannot agree on any decision for their child’s well fare [sic].
*989 B. All legal documentation such as the child’s Social Security, Birth Certificate, and Passport shall remain under the legal guardianship control of Judy Ann Schwieterman and Vernon Victor Schwieterman until the child is the age of fifteen.
Yet another provision stated that “[sjched-uled medical appointments of the Child must be notified to the other parent and Judy Ann Schwieterman.”
 Former wife is correct that these provisions interfere with her rights as a parent to direct and control the upbringing and education of her child. A parent has a fundamental liberty interest against government interference with her or his parental rights. See Troxel v. Granville, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000); Beagle v. Beagle, 678 So.2d 1271, 1275 (Fla.1996). These rights include the ability to make decisions in the child’s best interest, to make medical decisions, and to hold the child’s legal documentation without interference from former husband’s parents. See generally Santosky v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (discussing parents’ fundamental interest in care, custody, and management of their child). In the event of a deadlock between the parents regarding these issues, the dispute must be presented to the trial court for resolution in accordance with the child’s best interests. Gerencser v. Mills, 4 So.3d 22, 23 (Fla. 5th DCA 2009); Sotnick v. Sotnick, 650 So.2d 157, 160 (Fla. 3d DCA 1995); Taman v. Turko-Tamari, 599 So.2d 680, 681 (Fla. 3d DCA 1992).[2] It is error for the trial court to delegate the ultimate decision as to visitation and other issues to a third party. Lovell v. Lovell, 14 So.3d 1111, 1114 (Fla. 5th DCA 2009).
Here, the provisions improperly allow former husband’s parents to resolve a dispute between the parties. Additionally, while there is no impropriety in ordering former wife to notify former husband of any medical appointments, she should not be required to notify former husband’s parents in lieu of former husband. Accordingly, we reverse those provisions within the final judgment.
Former wife’s argument regarding the trial court’s failure to allow admission of a tape-recorded phone call is without merit. Former wife was allowed to testify as to the contents of the call and its substance was not disputed.
AFFIRMED IN PART; REVERSED IN PART; REMANDED for entry of an amended final judgment consistent with this opinion.
MONACO and LAWSON, JJ., concur.

. Recently, in Mudafort v. Lee, 62 So.3d 1196, 1197 (Fla. 4th DCA 2011), the court indicated that the Legislature's elimination of any presumption against time-sharing also eliminated the need to review any special factors when ordering equal time-sharing. However, the Bainbridge court disagreed with this portion of the Fourth District’s opinion, explaining that the factors were still useful in determining the propriety of this type of relationship. 68 So.3d at 314 n. 1. Most of these factors are listed in the statute, and therefore appear relevant to the trial court’s determination.

. This does not mean, however, that the court itself decides the issue. Instead, the court is entitled to grant one parent decision-making responsibility if the parties are unable to reach agreement. § 61.13(2)(c)2.a., Fla. Stat. (2010); see Abbo v. Briskin, 660 So.2d 1157, 1161 (Fla. 4th DCA 1995).