IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ZBIG WOJCIECHOWSKI,

          Appellant,

v.                                                                    Case No.  5D14-156

NICOLE CLARK,

          Appellee.

_____/

Decision filed March 24, 2016

Appeal from the Circuit Court
for Osceola County,
C. Jeffery Arnold, Judge.

Elizabeth Siano Harris, of Law Offices of
E.S. Harris, P.A., Titusville, for Appellant.

James M. Campbell, of The Orlando
Family Firm, Orlando, for Appellee.

PER CURIAM.

          AFFIRMED.

SAWAYA and WALLIS, JJ., concur.
BERGER, J., concurs specially with opinion.

BERGER, J., concurring specially.                                            5D14-156

The overwhelming evidence in this child custody case establishes that the child's mother is, at the very least, a drug addict,[1] which is why I could not disagree more with the trial court's decision to grant her majority time-sharing. Nevertheless, my disagreement does not warrant reversal.

Trial courts are afforded broad discretion in child custody cases. See Schwieterman v. Schwieterman, 114 So. 3d 984, 987 (Fla. 5th DCA 2012) (citing Miller v. Miller, 842 So. 2d 168, 169 (Fla. 1st DCA 2003)). As such, we apply a "reasonableness" test to determine whether the trial judge abused his discretion. Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980). Under this test, "[i]f reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion." Id. Because I cannot conclude that no reasonable man would have taken the view of the trial court, I am compelled to concur with the majority decision to affirm.

---

[1] The evidence established that the child's mother had been consuming narcotic prescription medication for years, that she was being prescribed a large number of narcotics by several doctors at the same time, and that the total number of narcotic pills she received from various doctors in a given month totaled "in the hundreds." The evidence also established that she consumed, or otherwise disposed of, a total of 268 narcotic pills between January 19, 2012, and January 27, 2012. In my view, this evidence belies the trial court's conclusion, in paragraph q of the Final Judgment, that the mother had the capacity and disposition to maintain an environment for the child that is free from substance abuse.