NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROBERT LIGUORI, JR.,                     )
                                         )
          Appellant,                     )
                                         )
v.                                       )          Case No. 2D14-5844
                                         )
DAWN LIGUORI,                            )
                                         )
          Appellee.                      )
_____)

Opinion filed September 9, 2016.

Appeal from the Circuit Court for Lee
County; John S. Carlin, Judge.

Kathryn F. Pugh, Fort Myers, for
Appellant.

Bernard T. King of Rubinstein, Holz &
King, P.A., Fort Myers, for Appellee.


KELLY, Judge.

          Robert Liguori, Jr., the former husband, appeals the final judgment

dissolving his marriage to Dawn Liguori, the former wife.  He challenges the trial court's

recalculation of its award of temporary child support, its award of child support, the

equitable distribution of the parties' assets and liabilities, and the court's parenting plan.

We agree the final judgment must be reversed as explained below.

The former husband challenges the trial court's award of retroactive child support based on a recalculation of its original award of temporary child support. The former wife properly concedes the trial court erred when it recalculated the award of temporary child support to the extent it calculated the support from the date of filing rather than the date the former husband moved out of the marital residence. See § 61.30(17), Fla. Stat. (2013) ("[T]he court has discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child . . . ."). We agree the award must be reversed to correct that error. See Khenh Ye Vong v. Chassang, 981 So. 2d 1262, 1263 (Fla. 2d DCA 2008) (reversing the award of retroactive child support and remanding with directions to recalculate the child support from the date the parties no longer resided together). However, we find no merit in the former husband's other arguments and affirm the retroactive child support award in all other respects.

Next, the former husband argues the trial court's ongoing child support award is not supported by competent, substantial evidence. First, he complains about the amount of income the trial court imputed to him; however, the record supports the trial court's decision. See Hinton v. Smith, 725 So. 2d 1154, 1156 (Fla. 2d DCA 1998) ("The standard of review for a trial court's imputation of income is whether competent substantial evidence supports it."). Next, he complains the final judgment fails to allocate responsibility for the children's uncovered medical and dental costs and it does not provide for the children's health and dental insurance. The former wife concedes this was error. See Cooper v. Cooper, 760 So. 2d 1048, 1049-50 (Fla. 2d DCA 2000) (holding that, after determining each party's ability to pay, a trial court must include in

the final judgment a provision for the payment of uncovered medical expenses of the children{ "pageset": "S11" }).  We agree and note that although the child support guidelines attached to the final judgment include the cost of the children's insurance as an expense to the former wife, for clarity the trial court should specify in the final judgment that the former wife is to provide the children's insurance.

The former husband next argues, and the former wife concedes, that the trial court's calculation regarding the number of overnights allocated to each parent is incorrect.  On remand, this should also be corrected, and if appropriate, the parties' child support obligations should be recalculated.  See § 61.30(11)(a)(10), (11)(b); Mitchell v. Mitchell, 841 So. 2d 564, 568-69 (Fla. 2d DCA 2003) (noting that the court may adjust the child support award when the children spend a significant amount of time with the noncustodial parent{ "pageset": "S26" }).  Finally, the former husband argues the inclusion of $195.33 in child care costs was not supported by the record.  We agree.  Although the former wife included that figure in her financial affidavit, at the final hearing she testified that she no longer had any child care costs.  See Henry v. Henry, 921 So. 2d 880, 881 (Fla. 4th DCA 2006) (holding that child care costs should not have been added to the child support obligation where no child care costs were incurred).

The former husband also challenges the equitable distribution scheme and parenting plan adopted by the trial court.  We find no reversible error in the equitable distribution scheme, and therefore affirm on that issue.  We also find no merit in the former husband's contention that the trial court abused its discretion when it fashioned a parenting plan that differed from the temporary plan the parties had in place while the dissolution proceeding was pending.  See Schwieterman v. Schwieterman,

114 So. 3d 984, 987 (Fla. 5th DCA 2012) (stating that the trial court's final judgment establishing a parenting plan is reviewed for an abuse of discretion). "A trial court's time-sharing plan must be affirmed if there is competent substantial evidence to support that decision and reasonable people could differ with respect to the trial court's decision." Id. Initially, we note that at the final hearing the former husband did not ask the trial court to continue the plan that had been in place. Instead, he offered a time-sharing proposal that gave him two weekday overnights on alternating weeks in addition to alternating weekends. The trial court instead gave him one after-school visit each week and alternating weekends. The temporary plan had afforded him two after-school visits each week rather than one. We find no abuse of discretion in the trial court's decision not to adopt the former husband's plan because of the burdens it would have imposed on the children. See Bainbridge v. Pratt, 68 So. 3d 310, 313 (Fla. 1st DCA 2011) (noting that when forming a parenting plan, the trial court must consider the best interest of the child). Nor can we fault the trial court for failing to adopt a plan that was never proposed to it as the former husband urges us to do in this appeal. The trial court adopted the plan proposed by the former wife with some modifications that gave the former husband more time on holidays and school breaks than had been proposed by the former wife. In light of the evidence before the trial court we cannot conclude it abused its discretion in doing so. Accordingly, we affirm those aspects of the final judgment as well.

Affirmed in part, reversed in part, and remanded.


SILBERMAN and BADALAMENTI, JJ., Concur.