IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ADAM LEE TUCKER,

      Appellant,

 v.

LAUREN KA-WEI NG TUCKER,

      Appellee.

_____/

Case No.  5D23-208
LT Case No. 2019-DR-7736

Opinion filed July 7, 2023

Appeal from the Circuit Court
for Duval County,
Suzanne Bass, Judge.

William S. Graessle, of William S. Graessle, P.A.,
Jacksonville, for Appellant.

Michael J. Korn, of Korn & Zehmer, P.A.,
Jacksonville, and Denise Watson, of Watson
Henderlite, Jacksonville, for Appellee.

HARRIS, J.

      Appellant, Adam Lee Tucker ("Former Husband"), appeals the trial

court's Consent Second Partial Final Judgment of Dissolution of Marriage,

arguing that the trial court erred in determining timesharing and parental

responsibility. Former Husband further challenges the trial court's order

relative to his future consumption of alcohol, and the requirement that he

participate in substance abuse counseling. We affirm in part and reverse in part.[1]

The parties married on May 13, 2017, and separated on September 25, 2019. Former Husband is a transactional attorney and Appellee, Lauren Ka-Wei Ng Tucker ("Former Wife"), is a physician. They share one minor child, T.K.S.T., born January 21, 2019. On October 18, 2019, Former Wife filed a petition for dissolution of marriage initially requesting shared parental responsibility and majority timesharing. She filed an amended petition on November 15, 2019, in which she requested sole parental responsibility, alleging that Former Husband suffers from significant anger and alcohol issues and has made disturbing statements pertaining to the child.

The evidence adduced over the two-day trial revealed that Former Husband does in fact have significant and long-standing anger issues. There was testimony establishing numerous instances of physical and severe verbal abuse directed at Former Wife, the parties' child, and even their nanny. Former Husband has a documented history of severely abusing alcohol, which exacerbates his anger and bouts of extreme rage. He has an established history of threatening Former Wife, threatening to slit the throat of the family dog, and threatening to throw the child against the wall because he could not get the child to stop crying. It is under the backdrop of these

---

[1] We note that the trial judge in this case was the Honorable Karen Cole, who has since retired.

clearly established repeated incidents of egregious and disturbing conduct that Former Wife requested sole parental responsibility of the parties' minor child and asked that Former Husband be given only supervised visitation.

Based on the evidence presented, the trial court agreed with Former Wife's position and in its final judgment, awarded Former Wife sole parental responsibility for making all decisions of consequence regarding the child, including education and healthcare. The court also made a specific finding that shared parental responsibility would be detrimental to the child, explaining that Former Husband repeatedly failed to demonstrate control over his alcohol use disorder, and that without meaningful change in his use of alcohol, there remained a significant risk to the parties' child that may increase.

Former Husband's timesharing was limited to supervised visits at the Family Nurturing Center at least once per week. He was also entitled to daily contact with the child by telephone or one of several internet-based websites. The court further ordered Former Husband to participate in counseling with a psychiatrist or psychologist familiar with intermittent explosive disorder to eliminate or reduce the number and intensity of his episodes of anger. Notably, even though Former Husband was not given any unsupervised contact with the child, nor any clear path toward earning unsupervised contact with his child, the court also ordered him to not consume alcohol and to attend

Alcoholics Anonymous ("AA") meetings at least once per week and to participate in counseling with a certified addictions professional.

A trial court has broad discretion in timesharing matters and its decision is reviewed for an abuse of that discretion. Schwieterman v. Schwieterman, 114 So. 3d 984, 987 (Fla. 5th DCA 2012). The timesharing plan will be affirmed if there is competent, substantial evidence to support the decision and reasonable people could differ with respect to the trial court's decision. Id.

Here, after explaining that it considered the best interest of the child factors listed in section 61.13(3)(a)-(t), Florida Statutes, the trial court determined that supervised timesharing would in fact be in the best interest of the minor child. Based on the evidence and testimony presented, including countless incidents of extreme verbal abuse fueled by Former Husband's alcohol abuse and uncontrollable anger, we cannot conclude that the trial court abused its discretion in awarding Former Husband only supervised visitation.

Former Husband next argues that he should have been given a path forward as to how to obtain unsupervised timesharing. However, as our Supreme Court noted in C.N. v. I.G.C., 316 So. 3d 287 (Fla. 2021), there is no such requirement that the trial court must give a parent "concrete steps" to restore lost time-sharing. We find unpersuasive Former Husband's argument that "obtaining" and "regaining" timesharing are different and that

4

C.N. therefore does not apply. Our court in Piccinini v. Waxer, 321 So. 3d 943, 944 (Fla. 5th DCA 2021), rejected a similar argument, finding no requirement that the court set forth specific steps to *obtain* unsupervised timesharing.

We next consider the trial court's award of sole parental responsibility to Former Wife. "The standard of review for the trial court's findings and determination regarding primary parental responsibility is abuse of discretion." Hudson-McCann v. McCann, 8 So. 3d 1228, 1229 (Fla. 5th DCA 2009). A trial court cannot grant one parent sole parental responsibility without making the specific finding that shared parental responsibility would be detrimental to the child. See § 61.13(2)(c)2., Fla. Stat. (2021); see also Maslow v. Edwards, 886 So. 2d 1027, 1028 (Fla. 5th DCA 2004) ("[U]tilizing the best interest of the child standard does not obviate the necessity of a specific finding that shared parental responsibility would be detrimental to the child before awarding sole parental responsibility to a parent."). A trial court's determination that shared parental responsibility would be detrimental to the child will be upheld if there is substantial, competent evidence that conforms to the relevant factors. See Musgrave v. Musgrave, 290 So. 3d 536, 542 (Fla. 2d DCA 2019). There is a rebuttable presumption of detriment to the child where there is evidence of domestic violence. See § 61.13(2)(c)2., Fla. Stat. (2021). "Whether or not there is a conviction of any offense of domestic violence or child abuse or the existence of an injunction for protection against

5

domestic violence, the court shall consider evidence of domestic violence or child abuse as evidence of detriment to the child." Id.

Here, the trial court awarded Former Wife sole parental responsibility for "making all decisions of consequence regarding the parties' son" which "include, but are not limited to, decisions regarding education, health care, and any religious training." As required, after considering the relevant factors in section 61.13(3), the court specifically found that shared parental responsibility would be detrimental to the child. Competent, substantial evidence supports the court's finding. Former Husband was diagnosed with alcohol use disorder and intermittent explosive disorder. There was evidence that his alcohol use often fueled or triggered his aggression. Although the court did not address the alleged instances of domestic violence in its order and it did not provide in writing that such evidence was considered in evaluating the best interests of the child per section 61.13(3)(m), there was evidence of domestic violence committed by Former Husband. These instances of domestic violence create a rebuttable presumption of detriment to the child. See § 61.13(2)(c)2., Fla. Stat. (2021).

Former Wife also testified that on numerous occasions, Former Husband was verbally abusive towards her, oftentimes in the presence of and regarding the minor child. According to Former Wife, Former Husband yelled at the child when he cried, said he wanted to throw the child at a wall, threatened to throw away all of the child's milk, and left the infant child alone

6

in the house to walk around the block. Former Wife's expert testified that Former Husband's aggression could have a "devastating" psychological effect on the child. Accordingly, because the trial court made the requisite finding of detriment to the child, and there is competent, substantial evidence that conforms to the relevant factors and supports that finding, we affirm this portion of the judgment as well.

Finally, we consider Former Husband's argument that the court exceeded its authority in crafting a plan to control his future alcohol consumption. In its final judgment, the court prohibited Former Husband from consuming alcohol and required him to attend weekly AA meetings. The court further ordered him to participate in counseling with a mental health professional who has significant experience in the field of substance abuse. The court's stated goal in this plan was to support Former Husband in his efforts to refrain from alcohol consumption. While it would certainly appear that Former Husband's alcohol consumption is something that should be addressed if he is to ever gain unsupervised visitation with his son, the court's stated goal for imposing these requirements as the "best interests of the father" is not the appropriate standard. Here, Former Husband has been given no unsupervised contact with his child and Former Wife has been given sole parental responsibility for all decisions involving the child. The alcohol-related prohibitions and mandates imposed by the trial court, being

7

completely untethered to the best interests of the child, were an abuse of the court's discretion.

Accordingly, we affirm the award of sole parental responsibility to Former Wife and the award of supervised visitation to Former Husband. However, we reverse that portion of the final judgment regarding Former Husband's future alcohol consumption and treatment.

AFFIRMED in part, REVERSED in part.

WALLIS and JAY, JJ., concur.

8