# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 6D2023-2405
Lower Tribunal No. 21-DR-001576

———————————————

DR. JONATHAN FRANTZ,

Appellant,

v.

JENNIFER CRAWFORD-FRANTZ,

Appellee.

———————————————

Appeal from the Circuit Court for Lee County.
Lisa S. Porter, Judge.

June 27, 2025

SMITH, J.

Jonathan Frantz ("Former Husband") appeals the final judgment entered on March 17, 2023, in the dissolution of marriage proceedings he initiated against Jennifer Crawford-Frantz ("Former Wife"). His initial brief raised five issues, mostly centering on the trial court's decisions regarding timesharing of the parties' child, A.F. Three of those issues have been rendered moot by subsequent rulings of the lower court during the timeframe this Court relinquished jurisdiction at Former Husband's request, and one of the issues this Court affirms without further

discussion. This Court finds merit in Former Husband's argument on the remaining issue, in which he contends the trial court erred in its award of "retroactive" child support to Former Wife. We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(a). Because the trial court's child support calculation improperly failed to exclude time periods in which the parties and their child were still living at the same residence, we reverse and remand for recalculation.

The parties married in 2004, and A.F. was born to them in 2007. Some thirteen years later, in October 2020, Former Husband filed a petition for dissolution of marriage. At that time, and until March 2021, the parties and A.F. lived together at the former marital residence.

Following the final hearing on the petition for dissolution, the trial court entered a final judgment on March 17, 2023, which, among other things, awarded Former Wife $110,886.00 in retroactive child support. After unsuccessfully moving for rehearing, Former Husband now asserts on appeal that the final judgment awarded approximately $50,000 in excess retroactive child support, because the calculation included times the parties and child all resided together.

Section 61.30(17), Florida Statutes (2024), provides:

> In an initial determination of child support, whether in a paternity action, dissolution of marriage action, or petition for support during the marriage, the court has discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months preceding

2

the filing of the petition, regardless of whether that date precedes the filing of the petition.

Former Husband argues, and Former Wife does not dispute, that the undisputed evidence shows the parties and minor child resided together through the end of March 2021. Based on the plain language of the statute, retroactive child support should not begin until after the parents and child no longer reside together: "[T]he court has discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child[.]" *Id.*; *see also Khenh Ye Vong v. Chassang*, 981 So. 2d 1262, 1263 (Fla. 2d DCA 2008) (holding that under Section 61.30(17) "former husband was not entitled to retroactive child support for the time the parties continued to reside together"); *Ditton v. Circelli*, 888 So. 2d 161, 162-63 (Fla. 5th DCA 2004) (holding the lower court erred in "award[ing] retroactive child support dating back to April 7, 2001, even though the undisputed evidence showed that the parties reconciled and lived together from November 2000 to June 1, 2001").

In her answer brief, Former Wife argues, without citation to any supporting caselaw or statutes, "the trial court had the discretion to order [retroactive child support] back to the date of filing and that is precisely what the court did." This is simply wrong. While the statute does give discretion to the trial court in awarding retroactive child support, that discretion is expressly limited to only go back to the point when the parties and child discontinued residing together, and further limited

3

to a timeframe no greater than twenty-four months preceding the date of filing of the petition. § 61.30(17), Fla. Stat.

Accordingly, this matter is reversed and remanded for recalculation of retroactive child support in an amount which does not include the timeframe during which the parties and minor child resided together through the end of March 2021. The remaining issues raised by the Former Husband have been resolved or rendered moot by the trial court's rulings issued while jurisdiction was relinquished. Other than correction for recalculation of the retroactive child support as noted above,[1] the final judgment is affirmed in all other respects.

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

MIZE and GANNAM, JJ., concur.

Barry S. Franklin, of Barry S. Franklin & Associates, P.A., Aventura, for Appellant.

J. Christopher Lombardo and Kenneth V. Mundy, of Woodward, Pires & Lombardo, P.A., Naples, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED

---

[1] If recalculation of retroactive child support affects other portions of the final judgment such as the current child support payment or equalization payments, the trial court is directed to correct those as well.